NUMBER 13-03-213-CV
COURT OF APPEALS
THIRTEENTH DISTRICT OF TEXAS
CORPUS CHRISTI – EDINBURG

 
 
IN THE INTEREST OF S.E.L., II, A MINOR CHILD




On appeal from the 267th District Court
of Victoria County, Texas.




 MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Rodriguez and Garza

Opinion by Chief Justice Valdez
 
This appeal arises from an order terminating the parental relationship between
appellant, Heather Duge, and her child, S.E.L., II. See Tex. Fam. Code Ann. § 161.001
(Vernon 2002). Appellant contends the evidence presented to the trial court was factually
insufficient to support the court’s conclusion that appellant’s parental rights should be
terminated. We disagree and affirm the judgment of the trial court.
I. FACTUAL AND PROCEDURAL BACKGROUND
On March 19, 2002, appellant gave birth to S.E.L., II. The infant’s urine tested
positive for the presence of cocaine. On March 21, 2002, the Texas Department of
Protective and Regulatory Services (the Department) initiated proceedings to terminate
appellant’s parental rights. In an order issued the same day, the trial court named the
Department the temporary sole managing conservator of the infant.
The trial court held a hearing on February 24, 2003. Subsequent to the hearing, the
trial court issued an order terminating the parent-child relationship between appellant and
S.E.L., II. 
As this is a memorandum opinion, we will not recite additional facts here except as
necessary to advise the parties of the Court's decision and the basic reasons for it. See
Tex. R. App. P. 47.4. 
II. ANALYSIS
A. Standard of Review
In parental termination proceedings, the State must prove its allegations with clear
and convincing evidence. Tex. Fam. Code Ann. § 161.001 (Vernon 2002). “Clear and
convincing evidence” is “‘that measure or degree of proof which will produce in the mind
of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be
established.’” In re C.H., 89 S.W.3d 17, 23 (Tex. 2002) (quoting State v. Addington, 588
S.W.2d 569, 570 (Tex. 1979)). 
When reviewing a challenge to the factual sufficiency of evidence, we must
determine whether “the evidence is such that a factfinder could reasonably form a firm
belief or conviction about the truth of the State’s allegations.” In re C.H., 89 S.W.3d at 25;
see In re J.F.C., 96 S.W.3d 256, 266 (Tex. 2002). We consider whether the disputed
evidence is such that a reasonable factfinder could not have resolved the evidence in favor
of the finding. In re J.F.C., 96 S.W.3d at 266. The evidence is factually insufficient “[i]f,
in light of the entire record, the disputed evidence that a reasonable factfinder could not
have credited in favor of the finding is so significant that a factfinder could not reasonably
have formed a firm belief or conviction.” Id. 
B. Termination of Parental Rights
Before parental rights may be terminated, the evidence must establish: (1) a
statutory ground for termination and (2) the termination is in the best interest of the child. 
Tex. Fam. Code Ann. § 161.001(1), (2) (Vernon 2002). We may affirm the decision of the
trial court if we find the evidence factually sufficient to support any single statutory ground
relied on by the trial court and that termination is in the best interest of the child. In re N.R.,
101 S.W.3d 771, 775 (Tex. App.–Texarkana 2003, no pet.). 
Here, the trial court based its termination order on a finding that three of the
statutory grounds were satisfied and a finding that termination was in the best interest of
S.E.L., II. On appeal, appellant does not independently challenge each of these findings. 
Rather, appellant generally argues the evidence was factually insufficient to support the
termination of her parental rights. We consider first whether the evidence was factually
sufficient to support any one of the statutory grounds found by the judge.
1. Statutory Ground
One of the statutory grounds found by the trial court was that appellant “engaged
in conduct or knowingly placed the child with persons who engaged in conduct which
endangers the physical or emotional well-being of the child.” See Tex. Fam. Code Ann.
§ 161.001(1)(E) (Vernon 2002). “Endanger” refers to conduct that is more than a threat
of metaphysical injury or the possible ill-effects of a less-than-ideal family environment. 
In re N.R., 101 S.W.3d at 775 (citing Tex. Dep’t of Human Servs. v. Boyd, 727 S.W.2d 531,
533 (Tex. 1987)). The child does not need to suffer actual physical injury under this
definition but must be exposed to loss or injury. Id. (citing Boyd, 727 S.W.2d at 533). A
mother’s use of drugs during pregnancy is conduct that endangers the physical and
emotional well-being of a child. In re W.A.B., 979 S.W.2d 804, 806 (Tex. App.–Houston
[14th Dist.] 1998, pet. denied); Dupree v. Tex. Dep’t of Protective and Regulatory Servs.,
907 S.W.2d 81, 84 (Tex. App.–Dallas 1995, no writ). 
Here, appellant’s own testimony at the termination hearing established that on
March 18, 2002, the day before she went into labor, she ingested cocaine. The State
provided evidence that urine collected from S.E.L., II after he was born tested positive for
the presence of cocaine. Appellant also admitted that at the time she ingested the
cocaine, she realized her use of drugs might be a danger to her unborn child. 
Paul Linke, a registered nurse, testified that babies born on drugs tend to be smaller
than average, may be born prematurely, are sometimes jittery, may have feeding
problems, and can be hyper-irritable. He also said cocaine is known as a “basal
constrictor,” which narrows blood vessels and decreases blood supply in the mother and
baby and can result in stress to the baby. Linke recalled that S.E.L., II was an unusually
small infant, had an infection, and stayed in the hospital longer than usual. Appellant also
testified S.E.L., II was due in April but was born in mid-March.
Based on this evidence, we conclude the trial court had sufficient evidence before
it to produce in its mind a firm belief or conviction that appellant engaged in conduct that
endangered S.E.L., II’s physical and emotional well-being. See In re C.H., 89 S.W.3d at
25.
2. Best Interest
We next consider whether the evidence was factually sufficient to support the trial
court’s finding that termination was in the best interest of S.E.L., II. In Holley v. Adams,
544 S.W.2d 367, 371-72 (Tex. 1976), the supreme court listed a number of factors that
may be pertinent when determining whether termination is in the best interest of the child:
(A) the desires of the child; 

(B) the emotional and physical needs of the child now and in the
future; 

(C) the emotional and physical danger to the child now and in the
future; 

(D) the parental abilities of the individuals seeking custody; 

(E) the programs available to assist these individuals to promote the
best interest of the child; 

(F) the plans for the child by these individuals or by the agency
seeking custody; 

(G) the stability of the home or proposed placement; 

(H) the acts or omissions of the parent which may indicate that the
existing parent-child relationship is not a proper one; and 

(I) any excuse for the acts or omissions of the parent. 

Id. at 371-72. This list, while instructive, is not exhaustive. Id.; see In re C.H., 89 S.W.3d
at 27. Nor is evidence of all these considerations required to form a strong conviction or
belief that termination is in the best interest of the child. In re C.H., 89 S.W.3d at 27.
The need for permanence is of utmost importance in evaluating a child’s present
and future physical and emotional needs. Dupree, 907 S.W.2d at 87. Here, the trial court
heard evidence that appellant will be unable to provide for S.E.L., II’s need for permanence
or other physical and emotional needs now or anytime in the near future because she is
currently serving an eight-year prison sentence. Janelle Nugent, a probation officer,
testified appellant was placed on probation for sexual assault in August 2001. The trial
court in the sexual assault case revoked appellant’s probation on May 29, 2002 and
sentenced her to eight years in prison. The last time appellant saw her child was in July
2002. Her earliest possible date for parole is 2006.
The trial court also heard evidence of appellant’s drug use. She testified that before
she became pregnant, she regularly used cocaine. Although she said she stopped using
drugs regularly after she became pregnant, she did admit to using cocaine on March 18,
2002. Additionally, Nugent testified appellant tested positive for cocaine and marijuana
four times in the two months after S.E.L., II was born. Appellant admitted to using drugs
on those occasions. She also explained that she was in a treatment program in May 2002,
but was discharged because she tested positive for cocaine.
The only interim plan offered for S.E.L., II’s care during appellant’s incarceration
came from John Duge. Duge, S.E.L., II’s great-grandfather, testified he wanted custody
of S.E.L., II to place him in the South Texas Children’s Home until appellant was released
from incarceration. On appellant’s release, she and S.E.L., II could move in with Duge.
The evidence showed appellant’s past conduct and present incarceration render her
unable to provide a stable, permanent environment for S.E.L., II within the next few years. 
Although Duge has offered a plan for S.E.L., II’s care during that time, the plan calls for
uprooting the child from his current foster care, placing him in a home for children, then
uprooting him again when appellant is released from incarceration, which may or may not
occur in 2006. This plan of action does not provide stability and permanence for S.E.L., II. 
Appellant contends that while in jail she has made numerous efforts to improve her
life. While incarcerated, she has attended AA, obtained a certificate for completing a
parenting class, worked toward obtaining her G.E.D., been baptized, and attended various
other classes. Appellant also contends her case is almost identical to the facts in In re
K.C.M., 4 S.W.3d 392 (Tex. App.–Houston [1st Dist.] 1999, pet. denied), where the
appellate court found the evidence factually insufficient to support the trial court’s finding
that termination was in the best interest of the child. Id. at 398-99. We disagree.
In In re K.C.M., the appellant smoked marihuana at the end of her pregnancy. Id.
at 396. She continued to use drugs after the birth of the child and financed her drug habit
through prostitution. Id. Although the Department contacted appellant and monitored the
case, the child was not initially removed from appellant’s custody. Id. When the child was
nearly two years old, appellant was found guilty of possession and sentenced to one year
in jail. Id. at 393, 396. Ten months after her incarceration, the trial court held a trial and
subsequently terminated appellant’s parental rights. Id. at 394, 396.
In finding that the trial court erred in concluding termination was in the best interest
of the child, the appellate court relied on evidence that appellant had attempted to improve
her life while in jail. Id. at 398-99. Appellant remained sober for the ten months preceding
the termination hearing and attended AA, completed parenting and other classes, took her
G.E.D. exam, and was on a waiting list for a therapeutic drug program. Id. The appellate
court also relied on the fact that appellant would be released from jail seventy-five days
after the trial. Id. The court found the amount of time to complete an adoption would be
comparable to the amount of time it would likely take appellant to complete the
requirements to have the child returned to her–approximately one year. Id. Additionally,
the attorney ad litem argued that appellant had “turned her life around.” Id.
The circumstances here differ greatly in several aspects. Appellant will not be
released from incarceration for another three years at the earliest. In the interim, S.E.L.,
II’s need for permanence and other physical and emotional needs would not be satisfied. 
S.E.L., II will be four years old before appellant will be able to care for him, not considering
additional time appellant would require to satisfy any conditions of return of the child
imposed by the Department. Lastly, S.E.L., II’s attorney ad litem appointed to represent
S.E.L., II’s best interest, recommended termination because she felt appellant had failed
to “step up to the plate.” Because of these distinctions, In re K.C.M. has no application
here.
Under the evidence presented in this case, a factfinder could reasonably form a firm
conviction or belief that termination of appellant’s parental rights was in the best interest
of S.E.L., II. See In re C.H., 89 S.W.3d at 25. That is, the evidence was factually sufficient
to support the trial court’s finding.III. CONCLUSION
Having found the evidence was factually sufficient, we affirm the judgment of the
trial court.
 
                                                                                                                                                                                         
                                                                        Rogelio Valdez,
                                                                        Chief Justice
 
 
Opinion delivered and filed
this 4th day of December, 2003.