141 S.W.3d 774 (2004)
In the Interest of S.F., M.F., C.F., Children.
No. 06-04-00031-CV.
Court of Appeals of Texas, Texarkana.
Submitted June 3, 2004.
Decided July 23, 2004.
*775 Kevin McCarter, Rodney Dowd, Marshall, for appellant.
Jennifer Truelove, Asst. Dist. Atty., Marshall, for appellee.
Rodney B. Dowd, for S.F., M.F., C.F., Children.
Before ROSS, CARTER and CORNELIUS,[*] JJ.

OPINION
Opinion by Justice WILLIAM J. CORNELIUS (Retired).
Ricky Williams appeals from a judgment of the 71st Judicial District Court of Harrison County terminating his parental rights to his minor daughter, M.F. He contends there is legally and factually insufficient evidence to support the judgment.
M.F. and her siblings, S.F. and C.F., were removed from their home by the Texas Department of Protective and Regulatory Services on July 31, 2002. Williams is the father of M.F. but is not the father of S.F. or C.F. All three of the children lived in Williams' home until they were removed. M.F. was born December 20, 1993, and she lived with Williams until he was incarcerated in November 1996. Williams has been in prison since he was first incarcerated. He was convicted of *776 three felony offenses of indecency with a child, sexual contact, and one felony offense of sexual assault of a child. Williams' longest sentence was fifty years' imprisonment. The victim in all of Williams' four convictions was E.F., who is the half sister of M.F.
A parent's parental rights to his child may only be terminated if the State proves by clear and convincing evidence that the parent has engaged in some of the conduct described in TEX. FAM.CODE ANN. § 161.001, and further proves that such termination is in the best interests of the child. The trial court here found that Williams has
(1) "knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endanger the physical or emotional well-being of the child." TEX. FAM.CODE ANN. § 161.001(1)(D) (Vernon 2002).
(2) "engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child." TEX. FAM.CODE ANN. § 161.001(1)(E) (Vernon 2002).
(3) "been convicted or has been placed on community supervision, including deferred adjudication community supervision, for being criminally responsible for the death or serious injury of a child under the following sections of the Penal Code or adjudicated under Title 3 for conduct that caused the death or serious injury of a child and that would constitute a violation of one of the following Penal Code sections: ... 21.11 (indecency with a child); ... [and] 22.021 (aggravated sexual assault)." TEX. FAM.CODE ANN. § 161.001(1)(L)(iv), (viii) (Vernon 2002).
(4) "knowingly engaged in criminal conduct that has resulted in the parent's:... conviction of an offense; and ... confinement or imprisonment and inability to care for the child for not less than two years from the date of filing the petition." TEX. FAM.CODE ANN. § 161.001(1)(Q) (Vernon 2002).
The trial court also found that termination was in M.F.'s best interests.
Williams challenges the legal and factual sufficiency of the evidence to support the trial court's findings. The standard of review in parental rights termination proceedings is clear and convincing evidence. TEX. FAM.CODE ANN. § 161.001 (Vernon 2002); In re J.F.C., 96 S.W.3d 256, 263 (Tex.2003). The evidence is clear and convincing when the proof is such that it produces in the mind of the trier of fact a firm belief or conviction of the truth of the allegations sought to be established. In re C.H., 89 S.W.3d 17, 25-26 (Tex.2002). The tests for legal sufficiency and factual sufficiency of the evidence in termination cases are set out in the Texas Supreme Court's opinion in In re J.F.C., 96 S.W.3d at 266, which we use in this case. We conclude that the evidence is legally and factually sufficient to produce in the mind of the trial court a firm belief or conviction that Williams engaged in conduct which endangered the physical and emotional well-being of M.F. according to the provisions of TEX. FAM.CODE ANN. § 161.001(1)(E).
Section 161.001(1)(D) of the Family Code applies only to the suitability of the living conditions or surroundings of a child. In re N.R., 101 S.W.3d 771 (Tex.App.-Texarkana 2003, pet. denied). Section 161.001(1)(E) of the Family Code, however, focuses exclusively on the parent's conduct. Under that section, proof that the parent's course of conduct endangered the child's physical or emotional well-being is *777 sufficient. Tex. Dep't Human Servs. v. Boyd, 727 S.W.2d 531, 533 (Tex.1987); In re S.H.A., 728 S.W.2d 73, 84 (Tex.App.-Dallas 1987, writ ref'd n.r.e.).
The evidence shows that M.F. resided in the home with Williams from birth until Williams was incarcerated, a period of about three years. During that time, Williams committed and was convicted of four felony offenses of sexual abuse of a child. There is evidence that Williams committed these acts against E.F. A parent who commits sexual abuse of a child engages in conduct that endangers the physical and emotional well-being of the child. In re King, 15 S.W.3d 272, 276 (Tex.App.-Texarkana 2000, pet. denied); In re K.M.M., 993 S.W.2d 225 (Tex.App.-Eastland 1999, no pet.). It is not necessary that the sexual abuse be directed against the parent's own child, or even that the child of the parent be aware of the sexual abuse. Tex. Dep't Human Servs. v. Boyd, 727 S.W.2d 531; In re N.H., 122 S.W.3d 391 (Tex.App.-Texarkana 2003, no pet. h.); In re N.R., 101 S.W.3d 771 (Tex. App.-Texarkana 2003, pet. denied); In re King, 15 S.W.3d 272.
The record is not clear whether, when Williams sexually abused E.F., she was living in the home with M.F., but it is not required that the abuse occur in the parent's home or the home where the child lived. In re Tidwell, 35 S.W.3d 115 (Tex. App.-Texarkana 2000, no pet.); In re King, 15 S.W.3d 272; In re B.B., 971 S.W.2d 160 (Tex.App.-Beaumont 1998, pet. denied). Additionally, the evidence shows that Williams is incarcerated and has been for eight years. Although the fact of imprisonment alone is not sufficient to justify the termination of a parent's parental rights, a finding under Section 161.001(1)(E) is justified if the evidence shows that the parent engaged in a course of conduct that has the effect of endangering the physical or emotional well-being of the child. Tex. Dep't of Human Servs. v. Boyd, 727 S.W.2d 531. The trial court here was justified in finding that Williams, because of his repeated child sexual abuse and his resulting lengthy imprisonment, engaged in such a course of conduct.
Williams argues there is no evidence of his having engaged in the conduct described in Section 161.001(1)(E). We disagree. Williams testified that M.F. lived with him for nearly three years during the time he committed his sexual abuse of a child offenses. He testified that he was convicted on four different occasions for sexual offenses against a child. At one point in his testimony, he said someone else actually committed the offenses, but the court records showing the offenses and the convictions were entered into evidence, and they each show that Williams pleaded guilty to all four of the charges. Child Protective Service workers testified about M.F. and her siblings having been removed from Williams' home because of the history of child sexual abuse. None of this evidence was objected to. "Endangerment," as used in subparagraph (1)(E) of Section 161.001, means exposure to loss or injury. It is not a requirement that the conduct be directed at the parent's child, or that the child actually suffer injury. Tex. Dep't Human Servs. v. Boyd, 727 S.W.2d at 533.
There is also legally and factually sufficient evidence in the record to support the trial court's finding that termination of Williams' parental rights to M.F. is in her best interests. Two employees of the Department of Protective and Regulatory Services testified. Their testimony showed that M.F. lived in the same home as S.F. and C.F. The three children were removed from the home on July 31, 2002. They were removed and placed in the custody *778 of the Department because of an extensive history of sexual abuse of S.F. Williams was already in prison when the children were removed. The mother of all three children had already had her parental rights to all of them terminated. The father of C.F. voluntarily relinquished his parental rights, and the father of S.F. also had his parental rights to her terminated. Testimony showed there was no suitable relative of Williams who could adequately take care of M.F., and that M.F. was in a foster home and was doing well. The goal of the Department is to find M.F. a suitable permanent adoptive home. Both Department workers testified that, in their opinions, the termination of Williams' parental rights to M.F. was in M.F.'s best interests. We find the evidence legally and factually sufficient to support the trial court's finding.
For all the stated reasons, we find the evidence is legally and factually sufficient to produce in the mind of the trial court a firm belief or conviction that the allegations of the petition as to subparagraph (1)(E) of Section 161.001 are true.
Only one of the conditions described in Section 161.001 must be proven to authorize the termination of parental rights. In re B.B., 971 S.W.2d 160. Thus, it is not necessary for us to discuss whether termination was authorized under the other subparagraphs of Section 161.001.
We affirm the judgment.
NOTES
[*] William J. Cornelius, Chief Justice, Retired, Sitting by Assignment.