In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00118-CV


______________________________


 





IN THE INTEREST OF A.W., A MINOR CHILD





 


On Appeal from the County Court at Law


Cherokee County, Texas


Trial Court No. 2007-01-0021




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION


 The use of illegal drugs figured into the trial court's termination of Norman Wardsworth's
parental rights to A.W., born January 9, 2007. A.W.'s mother, with whom Wardsworth lived during
her pregnancy, used cocaine during the pregnancy: post-natal testing on A.W. proved that use. Post-natal drug tests administered to Wardsworth and the mother were both positive for cocaine. The trial
court terminated both Wardsworth's and the mother's parental rights to A.W. Wardsworth, alone,
appeals, claiming that the evidence is legally and factually insufficient to establish that termination
of his rights is in A.W.'s best interest. (1) We affirm.

 The standard of review in parental rights termination proceedings is clear and convincing
evidence. Tex. Fam. Code Ann. § 161.001 (Vernon Supp. 2007); In re J.F.C., 96 S.W.3d 256, 263
(Tex. 2003). The evidence is clear and convincing when the proof is such that it produces in the
mind of the trier of fact a firm belief or conviction of the truth of the allegations sought to be
established by the State. In re C.H., 89 S.W.3d 17, 25-26 (Tex. 2002). Because termination
findings must be based on clear and convincing evidence, not simply a preponderance of the
evidence, the Texas Supreme Court has held that the traditional legal and factual standards of review
are inadequate. J.F.C., 96 S.W.3d at 264-66.

 In reviewing the legal sufficiency of the evidence, we view all the evidence in a light most
favorable to the finding to determine whether a reasonable trier of fact could have formed a firm
belief or conviction that its finding was true. Tex. Fam. Code Ann. § 101.007 (Vernon 2002); 
J.F.C., 96 S.W.3d at 266; C.H., 89 S.W.3d at 25. Looking at the evidence in the light most favorable
to the judgment means that we must assume that the fact-finder resolved disputed facts in favor of
its finding if a reasonable fact-finder could do so. A corollary to this requirement is that a court
should disregard all evidence that a reasonable fact-finder could have disbelieved or found to have
been incredible. J.F.C., 96 S.W.3d at 266.

 When reviewing a factual sufficiency challenge to a parental rights termination, we consider
the evidence the fact-finder could reasonably have found to be clear and convincing. See id.; C.H.,
89 S.W.3d at 25-26. In applying this standard to a trial court's findings, we ask whether there was
sufficient evidence presented to produce in the mind of a rational fact-finder a firm belief or
conviction as to the truth of the allegations sought to be established. In re N.R., 101 S.W.3d 771,
774 (Tex. App.--Texarkana 2003, no pet.). If, in light of the entire record, the disputed evidence
that a reasonable fact-finder could not have credited in favor of the finding is so significant that a
fact-finder could not reasonably have formed a firm belief or conviction, then the evidence is
factually insufficient. J.F.C., 96 S.W.3d at 266; In re A.A.T., 162 S.W.3d 856, 857-58 (Tex.
App.--Texarkana 2005, no pet.); In re N.H., 122 S.W.3d 391, 396 (Tex. App.--Texarkana 2003,
pet. denied).

 The best interest of the child is a statutorily prescribed element for parental rights
termination. See J.F.C., 96 S.W.3d at 262. The State has the burden of proving, by clear and
convincing evidence, both a statutory ground for termination, see Tex. Fam. Code Ann.
§  161.001(1),  and  that  termination  is   in  the  best  interest  of  the  child.  See  Tex.  Fam.  Code
Ann. § 161.001(2). 

 In determining the best interest of A.W., many factors could be considered. Section 263.307
of the Texas Family Code provides that "prompt and permanent placement" of a child "in a safe
environment" is presumed to be in that child's best interest, and then sets out a number of factors that
should be considered in determining whether a child's parents are willing and able to provide that
environment. See Tex. Fam. Code Ann. § 263.307(a), (b) (Vernon 2002). Such listed factors that
appear relevant to our review include the following:

 (1) the child's age and physical and mental vulnerabilities;


 . . . .


 (8) whether there is a history of substance abuse by the child's family . . . ;


 . . . .


 (10) the willingness and ability of the child's family to seek out, accept, and
complete counseling services and to cooperate with and facilitate an
appropriate agency's close supervision;


 . . . .


 (12) whether the child's family demonstrates adequate parenting skills . . . .

Tex. Fam. Code Ann. § 263.307(b). The Texas Supreme Court has cited Section 263.307 of the
Texas Family Code with approval that its factors be considered in termination cases in determining
the  best  interest  of  a  child  and  the  willingness  of  a  child's  family  to  effect  positive  changes. 
See In re R.R., 209 S.W.3d 112, 116 (Tex. 2006).

 A nonexclusive list of factors relevant to a review of a finding on the best interest of the
child (2) was previously set out in Holley v. Adams, 544 S.W.2d 367, 371-72 (Tex. 1976) (footnotes
omitted):

 (A) the desires of the child; (B) the emotional and physical needs of the child now
and in the future; (C) the emotional and physical danger to the child now and in the
future; (D) the parental abilities of the individuals seeking custody; (E) the programs
available to assist these individuals to promote the best interest of the child; (F) the 



 plans for the child by these individuals or by the agency seeking custody; (G) the
stability of the home or proposed placement; (H) the acts or omissions of the parent
which may indicate that the existing parent-child relationship is not a proper one; and
(I) any excuse for the acts or omissions of the parent.

Id. Some of the Holley factors overlap with the statutory considerations; some also overlap with
evidence supporting predicate grounds for termination. See In re C.E.K., 214 S.W.3d 492, 503 (Tex.
App.--Dallas 2006, no pet.).

 Before A.W.'s birth--during a six-month period lasting from June until November
2006--Wardsworth had been incarcerated. He was again incarcerated May 29, 2007. The final
hearing on termination was held August 31, 2007. (3) 

 As relevant to this case, there is evidence that Wardsworth was aware of an applicable service
plan and its requirements, as prescribed by the Texas Department of Child Protective Services; that
Wardsworth had not completed any of the requirements; that he had not contacted the caseworker
assigned to the case; and that the contact information for the current caseworker, Lee Sexton, was
the same as that for her predecessor. Sexton testified that Wardsworth's rights had been terminated
to another child for conduct violating Section 161.001(1)(D) and (E). She testified that Wardsworth
had visitation opportunities with A.W., but had taken advantage of them only once or twice, and that
he had provided no assistance for A.W. while Sexton was assigned to the case.

 Court Appointed Special Advocates (CASA) supervisor Kimberly Johnson testified that a
hair-follicle test showed that A.W. had cocaine in her system that necessarily came from prenatal
exposure, while Wardsworth and the mother were together, and that drug tests performed on
Wardsworth and the mother after A.W.'s birth returned positive for cocaine. Johnson testified that
she had tried a number of times, in a number of ways, to get in touch with Wardsworth and the
mother, but was able to talk to Wardsworth only once and that he showed little interest in A.W. at
that time, being more concerned with his own problems. 

 Wardsworth testified that he had completed all of the requirements of the Department's plan,
except for the recommended twice-weekly drug counseling. He testified that he had gone back to
jail May 29, 2007, on aggravated assault and aggravated robbery charges and had no contact with
anyone thereafter. (4) He stated that he had provided A.W. with some clothing but had been told that
A.W.'s caretakers were doing fine with finances. Wardsworth testified that he also had a burglary
of a habitation charge raised against him and acknowledged that he also had a pending marihuana
charge. Wardsworth testified that, after A.W.'s birth, he had gone to Houston for thirty to forty days
to train in competitive boxing and had not provided the Department with his contact information
while in Houston.

 In applying the factors to be considered, we agree that the desires of A.W. cannot be
determined because of her extremely young age. The evidence of Wardsworth's repeated
incarcerations suggests that he would likely be unable to meet the emotional and physical needs of
A.W. now and in the future and that his parenting skills are seriously suspect. The same factors tend
to be established by the evidence that Wardsworth had not visited A.W. for seven months at the time
of trial, and not at all since she was about two months old. The effect of this is somewhat
ameliorated by the fact that, for the last three of those seven months, Wardsworth had been jailed
and thus unable to visit. His parenting abilities are doubtful, based on evidence of his repeated drug
use and incarcerations, the termination of his rights to his older child, and his failure either before
or after that termination to complete the various programs provided by the Department and made part
of his service plan. See In re S.K.A., 236 S.W.3d 875 (Tex. App.--Texarkana 2007, pet. filed). The
record demonstrates a history of Wardsworth's involvement with illegal substances. The Department
provided testimony about foster care placement for A.W. and that she was thriving in that
environment.

 Wardsworth also testified that, as an inmate after May 29, his ability to contact the
Department was severely compromised because he was subject to stringent limitations on telephone
use and the lack of a telephone directory or a person willing to look up an address for him. Thus,
he had viable explanations for his failure to stay in contact or take classes after May 29. Wardsworth
also testified that he wanted to keep A.W., at least with other family members, if not personally.

 Nevertheless, the weight of the evidence as set out above is in favor of the Department's
position. Reviewing all the evidence in a light most favorable to the finding, we conclude that a
reasonable trier of fact could have formed a firm belief or conviction that its finding was true; thus,
the evidence is legally sufficient. See J.F.C., 96 S.W.3d at 266. We also conclude the evidence is
factually sufficient, that, based on proof of the factors set out above, the evidence is sufficient to
produce in the mind of a rational fact-finder a firm belief or conviction that the best interest of A.W.
lay in the termination of Wardsworth's parental rights.

 We affirm the judgment of termination.



 Josh R. Morriss, III

 Chief Justice


Date Submitted: February 1, 2008

Date Decided: February 12, 2008


1. In addition to the best-interest finding, the termination was based on findings that
Wardsworth had transgressed three different subsections of Section 161.001(1) of the Texas Family
Code: subsection (E), addressing conduct endangering A.W.; subsection (M), addressing a previous
termination of his rights to another child; and subsection (N) addressing constructive abandonment
of A.W. See Tex. Fam. Code Ann. § 161.001(1)(E), (M), & (N) (Vernon Supp. 2007). 
Wardsworth complains on appeal that the evidence is insufficient to support the finding that he
violated subsections (E) and (N) and that it is insufficient to support the finding that termination was
in A.W.'s best interest. He does not challenge the remaining ground of termination, which is under
subsection (M). See Tex. Fam. Code Ann. § 161.001(1)(M). Since multiple grounds for
termination were found by the trial court and at least one has not been challenged on appeal, we will
affirm based on any one ground because only one predicate violation under Section 161.001(1) is
necessary to a termination judgment. See In re T.N.F., 205 S.W.3d 625, 629 (Tex. App.--Waco
2006, pet. denied); In re S.F., 32 S.W.3d 318, 320 (Tex. App.--San Antonio 2000, no pet.). As one
ground is sufficient to support the judgment for termination, we overrule Wardsworth's first and
second issues on appeal and focus instead on only the best-interest challenge. See In re T.S.C., No.
10-06-00366-CV, 2007 Tex. App. LEXIS 3390 (Tex. App.--Waco May 2, 2007, no pet.) (mem.
op.). Also, because the finding under subsection (M) was not mentioned in Wardsworth's statement
of  points  on  appeal,  we  could  not  consider  the  issue  in  any  event.  See  Tex.  Fam.  Code
Ann. § 263.405(I) (Vernon Supp. 2007).
2. Although the trial court found that termination was in A.W.'s best interest, there was no
request for findings of fact setting out specific factual bases to support the ruling.
3. Wardsworth and A.W.'s mother also had an older child together. Their rights to that child
had previously been terminated. 
4. The termination hearing was conducted August 31, 2007.