# NO. 12-17-00334-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE INTEREST OF* | § | *APPEAL FROM THE 273RD* |
| *A.D., A.H. AND A.T.,* | § | *JUDICIAL DISTRICT COURT* |
| *CHILDREN* | § | *SABINE COUNTY, TEXAS* |

## ORDER

C.T.T. appeals the termination of his parental rights. C.T.T.'s counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). After conducting our own review, we abate this case and remand for the appointment of new appellate counsel.

## BACKGROUND

A.M.[1] is the mother of A.D., A.H., and A.T. S.D.D.[2] is the father of A.D. and C.T.T. is the father of A.H. and A.T. On March 16, 2016, the Department of Family and Protective Services (the Department) filed an original petition for protection of A.D., A.H., and A.T., for conservatorship, and for termination of A.M.'s, S.D.D.'s, and C.T.T.'s parental rights. The Department was appointed temporary managing conservator of the children, A.M. was appointed

---

[1] The trial court found, by clear and convincing evidence, that A.M. executed an unrevoked or irrevocable affidavit of relinquishment of parental rights to A.D., A.H., and A.T. as provided by Chapter 161, Texas Family Code. The trial court also found that termination of the parent-child relationship between A.M. and the children was in the children's best interest. Therefore, the trial court ordered that the parent-child relationship between A.M., A.D., A.H., and A.T. be terminated. The mother is not a party to this appeal.

[2] The trial court found that appointment of a parent as managing conservator would not be in the best interest of A.D., and appointed a non-parent as permanent managing conservator of the child. The father, S.D.D., was appointed possessory conservator of A.D. with possession and access as agreed between the non-parent managing conservator and the father.

temporary possessory conservator of the children with limited rights and duties, and S.D.D. was appointed temporary possessory conservator of A.D. with limited rights and duties.

At the conclusion of the trial on the merits, the trial court found that C.T.T. is, and hereby adjudicated him to be, the father of A.H. and A.T. Further, the trial court found, by clear and convincing evidence, that C.T.T. had engaged in one or more of the acts or omissions necessary to support termination of his parental rights under subsections (D), (E), (N) and (O) of Texas Family Code Section 161.001(b)(1). The trial court also found that termination of the parent-child relationship between C.T.T, A.H., and A.T. was in the children's best interest. Based on these findings, the trial court ordered that the parent-child relationship between C.T.T., A.H., and A.T. be terminated. This appeal followed.

### ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders* and *Gainous*, stating that he has diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. This court has previously held that *Anders* procedures apply in parental rights termination cases when the Department has moved for termination. *See In re K.S.M.*, 61 S.W.3d 632, 634 (Tex. App.—Tyler 2001, no pet.). From our review of counsel's brief, it is apparent that he is well acquainted with the facts in this case. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978), counsel's brief presents a chronological summation of the procedural history of the case and further states that counsel is unable to raise any meritorious issues for appeal. After reviewing the record, we conclude that it contains at least one arguable issue for appeal.[3]

**Termination of Parental Rights**

Section 161.001 of the family code permits a court to order termination of parental rights if two elements are established. TEX. FAM. CODE ANN. § 161.001 (West Supp. 2017); *In re J.M.T.*, 39 S.W.3d 234, 237 (Tex. App.—Waco 1999, no pet.). First, the parent must have engaged in any one of the acts or omissions itemized in the second subsection of the statute.

---

[3] On June 29, 2018, C.T.T. filed a pro se brief. He presented five issues for appeal including that the trial court violated his first and fourteenth amendment rights to access of the courts and due process by preventing him from being present at all hearings and appointing him an attorney; terminated his parental rights solely on the basis of his incarceration; and a lack of clear and convincing evidence to support termination of his parental rights under subsections (D), (E), (N) and (O) of Texas Family Code Section 161.001(b)(1).

TEX. FAM. CODE ANN. § 161.001(b)(1) (West Supp. 2017); ***Green v. Tex. Dep't of Protective & Regulatory Servs.***, 25 S.W.3d 213, 219 (Tex. App.—El Paso 2000, no pet.); ***In re J.M.T.***, 39 S.W.3d at 237. Second, termination must be in the best interest of the child. TEX. FAM. CODE ANN. § 161.001(b)(2) (West Supp. 2017); ***In re J.M.T.***, 39 S.W.3d at 237. Both elements must be established by clear and convincing evidence, and proof of one element does not alleviate the petitioner's burden of proving the other. TEX. FAM. CODE ANN. § 161.001; ***Wiley v. Spratlan***, 543 S.W.2d 349, 351 (Tex. 1976); ***In re J.M.T.***, 39 S.W.3d at 237. The clear and convincing standard for termination of parental rights is both constitutionally and statutorily mandated. TEX. FAM. CODE ANN. § 161.001; ***In re J.J.***, 911 S.W.2d 437, 439 (Tex. App.—Texarkana 1995, writ denied). Clear and convincing evidence means "the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." TEX. FAM. CODE ANN. § 101.007 (West 2014).

In this case, the trial court found, by clear and convincing evidence, that C.T.T. engaged in one or more of the acts or omissions necessary to support termination of his parental rights under subsections (D), (E), (N) and (O) of Texas Family Code Section 161.001(b)(1). The court may order termination of the parent-child relationship if the court finds by clear and convincing evidence that the parent has knowingly placed, or knowingly allowed, the child to remain in conditions or surroundings which endanger the physical or emotional well-being of the child. TEX. FAM. CODE ANN. § 161.001(b)(1)(D) (West Supp. 2017). Subsection (D) addresses the child's surroundings and environment. ***In re N.R.***, 101 S.W.3d 771, 775–76 (Tex. App.—Texarkana 2003, no pet.). The child's "environment" refers to the suitability of the child's living conditions as well as the conduct of parents or others in the home. ***In re S.R.***, 452 S.W.3d 351, 360 (Tex. App.—Houston [14th Dist.] 2014, pet. denied). The relevant time frame to determine whether there is clear and convincing evidence of endangerment is before the child was removed. ***Ybarra v. Tex. Dep't of Human Servs.***, 869 S.W.2d 574, 577 (Tex. App.—Corpus Christi 1993, no pet.). Here, the evidence at the final trial shows that C.T.T. was incarcerated for the entire duration of the case, including before removal of the children from their home. The record shows that he was not the offending parent and was not involved in the removal of the children.

Further, the court may order termination of the parent-child relationship if it finds by clear and convincing evidence that the parent has engaged in conduct, or knowingly placed the

3

child with persons who engaged in conduct, that endangers the physical or emotional well being of the child. TEX. FAM. CODE ANN. § 161.001(b)(1)(E) (West Supp. 2017). Subsection (E) requires us to look at the parent's conduct alone, including actions, omissions, or the parent's failure to act. *In re D.J.*, 100 S.W.3d 658, 662 (Tex. App.—Dallas 2003, pet. denied); *In re D.M.*, 58 S.W.3d 801, 811 (Tex. App.—Fort Worth 2001, no pet.). A voluntary, deliberate, and conscious "course of conduct" by the parent that endangers the child's physical and emotional well being is required. *In re D.M.*, 58 S.W.3d at 812; *In re D.T.*, 34 S.W.3d 625, 634 (Tex. App.—Fort Worth 2000, pet. denied). During the trial, the children's caseworker agreed that it was "hard to say" that C.T.T. engaged in conduct or knowingly placed the children with persons who engaged in conduct that endangered their physical or emotional well being. The caseworker's main objection was C.T.T.'s criminal record and that he was incarcerated at the time of trial. However, imprisonment alone does not constitute an endangering course of conduct, but it is a fact properly considered on the endangerment issue. *In re S.M.*, 389 S.W.3d 483, 492 (Tex. App.—El Paso 2012, no pet). (citing *Tex. Dep't of Human Svcs. v. Boyd*, 727 S.W.2d 531, 533–34 (Tex. 1987)).

The record also showed a lack of clear and convincing evidence that C.T.T. constructively abandoned the children or failed to comply with the provisions of a court order that specifically established the actions necessary for the parent to obtain the return of the children. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(N), (O) (West Supp. 2017). The evidence showed that C.T.T. maintained contact with the children through letters sent to the children's caseworker. The caseworker stated that she heard from C.T.T in the months before trial. Moreover, the caseworker stated that C.T.T. did "everything he could do" on his service plan and complied as far as he was able under the circumstances.

Finally, the entire transcript of the final hearing terminating C.T.T.'s parental rights was just over thirty pages and the Department called only two witnesses. We conclude that the lack of clear and convincing evidence to support terminating C.T.T.'s parental rights presents an arguable issue for appeal and warrants abatement and remand.

## CONCLUSION

For the above reasons, we strike counsel's *Anders* brief, *abate* this appeal, and *remand* the case to the trial court. We *order* the trial court to appoint new appellate counsel to represent

4

C.T.T. within seven (7) days after the date of this opinion.  We further *order* the trial court to inform this court in writing of the identity of C.T.T.'s new counsel and the date counsel is appointed.  Counsel shall then review the record, and file a brief for C.T.T. in this appeal.  *See Guerrero v. State*, 64 S.W.3d 436, 441 (Tex. App.—Waco 2001, no pet.) (*citing Penson v. Ohio*, 488 U.S. 75, 83–84, 109 S. Ct. 346, 351–52, 102 L. Ed. 2d 300, 310–11 (1988)).  Counsel's brief will be due *within fifteen (15) days* after the date of the order appointing new counsel.  The Department's brief will be due *within fifteen (15) days* after counsel files C.T.T.'s brief.

**JAMES T. WORTHEN**
Chief Justice

Order entered July 25, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)