

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-22-00027-CV

_____

IN THE INTEREST OF D.K., A CHILD, Appellant

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 90324

Before Morriss, C.J., Stevens and van Cleef, JJ.
Memorandum Opinion by Justice Stevens

MEMORANDUM OPINION

On the petition of the Texas Department of Family and Protective Services, the trial court terminated the parental rights of Mother to her child, D.K.,[1] based on statutory grounds (C), (N), (O), and (P) and its finding that termination was in the best interests of the child.[2] *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(C), (N), (O), (P), (2). Mother appeals the termination of her parental rights and asserts that the evidence was legally and factually insufficient to support the various findings of the statutory grounds of termination. Because legally and factually sufficient evidence supports termination of Mother's parental rights under at least statutory ground (O), we affirm the trial court's judgment.

## I.    Standard of Review

"The natural right existing between parents and their children is of constitutional dimensions." *In re E.J.Z.*, 547 S.W.3d 339, 343 (Tex. App.—Texarkana 2018, no pet.) (quoting *Holick v. Smith*, 685 S.W.2d 18, 20 (Tex. 1985)). "Indeed, parents have a fundamental right to make decisions concerning 'the care, custody, and control of their children.'" *Id.* (quoting *Troxel v. Granville*, 530 U.S. 57, 65 (2000)). "Because the termination of parental rights implicates fundamental interests, a higher standard of proof—clear and convincing evidence—is required at trial." *Id.* (quoting *In re A.B.*, 437 S.W.3d 498, 502 (Tex. 2014)). This Court is required to "engage in an exacting review of the entire record to determine if the evidence is . . . sufficient to support the termination of parental rights." *Id.* (quoting *In re A.B.*, 437 S.W.3d at 500).

---

[1] In order to protect the privacy of the child, we refer to him by his initials and refer to his biological parents as Mother and Father. *See* TEX. R. APP. P. 9.8(b)(2).

[2] Father's parental rights to D.K. were also terminated, but he did not appeal.

"[I]nvoluntary termination statutes are strictly construed in favor of the parent." *Id.* (quoting *In re S.K.A.*, 236 S.W.3d 875, 900 (Tex. App.—Texarkana 2007, pet. denied) (quoting *Holick*, 685 S.W.2d at 20)).

"In order to terminate parental rights, the trial court must find, by clear and convincing evidence, that the parent has engaged in at least one statutory ground for termination and that termination is in the child's best interest." *Id.* (citing TEX. FAM. CODE ANN. § 161.001; *In re E.N.C.*, 384 S.W.3d 796, 798 (Tex. 2012)). "'Clear and convincing evidence' is that 'degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established.'" *Id.* (quoting TEX. FAM. CODE ANN. § 101.007) (citing *In re J.O.A.*, 283 S.W.3d 336, 344 (Tex. 2009)). "This standard of proof necessarily affects our review of the evidence." *Id.*

"In our legal sufficiency review, we consider all the evidence in the light most favorable to the findings to determine whether the fact-finder reasonably could have formed a firm belief or conviction that the grounds for termination were proven." *In re L.E.S.*, 471 S.W.3d 915, 920 (Tex. App.—Texarkana 2015, no pet.) (citing *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005) (per curiam); *In re J.L.B.*, 349 S.W.3d 836, 846 (Tex. App.—Texarkana 2011, no pet.)). "We assume the trial court, acting as fact-finder, resolved disputed facts in favor of the finding, if a reasonable fact-finder could do so, and disregarded evidence that the fact-finder could have reasonably disbelieved or the credibility of which reasonably could be doubted." *Id.* (citing *In re J.P.B.*, 180 S.W.3d at 573).

"In our review of factual sufficiency, we give due consideration to evidence the trial court could have reasonably found to be clear and convincing." *Id.* (citing *In re H.R.M.*, 209 S.W.3d 105, 108 (Tex. 2006) (per curiam)). "We consider only that evidence the fact-finder reasonably could have found to be clear and convincing and determine 'whether the evidence is such that a fact[-]finder could reasonably form a firm belief or conviction about the truth of the . . . allegations.'" *Id.* (quoting *In re H.R.M.*, 209 S.W.3d at 108 (quoting *In re C.H.*, 89 S.W.3d 17, 25 (Tex. 2002))); *In re J.F.C.*, 96 S.W.3d 256, 264, 266 (Tex. 2002). "If, in light of the entire record, the disputed evidence that a reasonable fact[-]finder could not have credited in favor of the finding is so significant that a fact[-]finder could not reasonably have formed a firm belief or conviction, then the evidence is factually insufficient." *Id.* (quoting *In re J.F.C.*, 96 S.W.3d at 266). In making this determination, we undertake "an exacting review of the entire record with a healthy regard for the constitutional interests at stake." *Id.* (quoting *In re A.B.*, 437 S.W.3d 498, 503 (Tex. 2014) (quoting *In re C.H.*, 89 S.W.3d at 26)). "We also recognize that the trial court, as the fact-finder, is the sole arbiter of a witness' demeanor and credibility, and it may believe all, part, or none of a witness' testimony." *In re A.M.*, No. 06-18-00012-CV, 2018 WL 3077784, at \*3 (Tex. App.—Texarkana June 22, 2018, pet. denied) (mem. op.) (citing *In re H.R.M.*, 209 S.W.3d at 109).

## II. Sufficient Evidence Supports the Finding that Ground (O) Supports Termination of Mother's Parental Rights

"Only one predicate finding under Section 161.001[(b)](1) is necessary to support a judgment of termination when there is also a finding that termination is in the child's best

interest."[3] *In re O.R.F.*, 417 S.W.3d 24, 37 (Tex. App.—Texarkana 2013, pet. denied) (quoting *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003)); *In re K.W.*, 335 S.W.3d 767, 769 (Tex. App.—Texarkana 2011, no pet.); *see In re N.R.*, 101 S.W.3d 771, 775 (Tex. App.—Texarkana 2003, no pet.). "[W]hen the trial court finds more than one predicate ground for termination, we will affirm if any one ground is supported by sufficient evidence." *In re J.R.H.*, No. 06-18-00052-CV, 2018 WL 6625886, at *2 (Tex. App.—Texarkana Dec. 19, 2018, pet. denied) (mem. op.) (citing *In re K.W.*, 335 S.W.3d at 769).

In her third issue, Mother challenges the legal and factual sufficiency of the evidence supporting the trial court's finding that her parental rights should be terminated under statutory ground (O). Under statutory ground (O), parental rights may be terminated if the parent has

> failed to comply with the provisions of a court order that specifically established the actions necessary for the parent to obtain the return of the child who has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the child's removal from the parent under Chapter 262 for the abuse or neglect of the child.

TEX. FAM. CODE ANN. § 161.001(b)(1)(O). Mother only challenges the sufficiency of the evidence that she failed to comply with the provisions of the trial court's order and contends that she complied with all the requirements of her family service plan.[4,5] Mother testified at trial, and contends on appeal, that she had completed all of her service plan, including parenting classes,

---

[3]Mother does not challenge the trial court's best-interest finding.

[4]Compliance with the service plan had been made an order of the trial court.

[5]Mother does not dispute that D.K. was removed under Chapter 262 for abuse or neglect or that he has been in the permanent or temporary managing conservatorship of the Department for not less than nine months.

counseling, and drug treatment. It is undisputed that Mother completed her parenting classes and that Mother participated in counseling and drug treatment.[6]

However, Brittany Allen, the Department's caseworker assigned to the case, testified that Mother's service plan also included the requirement that Mother submit to drug testing. Allen testified that Mother had been served in the case on July 16, 2021, and that she had only submitted to four drug tests by the time of the final hearing, which took place on April 5, 2022. The evidence, including Mother's own testimony, showed Mother tested positive on two of those tests—for fentanyl in December 2021 and for marihuana in January 2022. Allen testified that, throughout the case, she had tried to send Mother for additional drug tests but that she did not go. In addition, Allen testified that, on the morning of the final hearing, she ordered Mother to take a drug test but that Mother had refused.[7]

The failure to submit to drug tests was significant in this case because the evidence showed that, on December 16, 2021, Mother told West End Clinic in St. Louis that she was addicted to painkillers, that she had used heroin and fentanyl twenty-two times, each, in the prior thirty days, and that she had used marihuana four times during that time.[8] The evidence also showed that Mother told the clinic that she had used fentanyl and heroin for seven years and that she had used marihuana for twenty-eight years. Mother, who was thirty-nine at the time of trial, testified that she had been addicted to painkillers since she was eighteen years old.

_____

[6]It is unclear whether Mother's counseling and drug treatment were completed at the time of the final hearing.

[7]Mother testified that she had not refused to take the drug test but rather that she told Allen that she could not afford to pay for the test since she only had $56.00 to get back to St. Louis, where she resides.

[8]At trial, Mother testified that, although she used fentanyl and marihuana, she never used heroin, and she maintained that she lied to the clinic in order to get into methadone treatment.

6

Mother's testimony also showed that, when D.K. was born,[9] he tested positive for codeine and morphine. As a result, child protective services in Missouri opened a case while D.K. was in the hospital, and Father was eventually awarded custody of D.K. Mother also testified that, when another child protective services case involving D.K. was opened in Oklahoma about one year later, she was offered services, but she refused because she was still addicted to painkillers.

Because of Mother's admittedly years-long addiction to painkillers, including while this case was pending, it was significant that Mother failed on several occasions to submit to drug testing. While Mother may have completed some of the requirements of her service plan,[10] "partial compliance with a court-ordered service plan is insufficient under ground (O)." *In re J.R.H.*, 2018 WL 6625886, at *5 (citing *In re J.F.C.*, 96 S.W.3d at 278). "Ground O does not quantify any particular number of provisions of the family service plan that a parent must not achieve in order for the parental rights to be terminated." *Id.* (quoting *In re B.H.R.*, 535 S.W.3d 114, 122 (Tex. App.—Texarkana 2017, no pet.)). Also, we defer to the fact-finder's determinations on issues of credibility and conflicts in the testimony when those determinations are not unreasonable. *See In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005) (per curiam).

After considering the entire record, we find that a reasonable fact-finder could have formed a firm belief or conviction as to the truth of the finding that Mother failed to comply with the provisions of the family service plan that was made a court order. *See In re J.F.C.*, 96

---

[9]At the time of the final hearing, D.K. was six years old.

[10]Compliance with the service plan had been made an order of the trial court.

7

S.W.3d at 266. We also find that the disputed evidence that the trial court could not have credited in favor of this finding is not so significant that it could not have reasonably formed a firm belief or conviction as to the truth of its finding under statutory ground (O). *See id.* As a result, we find the evidence legally and factually sufficient to support the trial court's finding under statutory ground (O). We, therefore, overrule this issue.[11]

## III.   Conclusion

For the reasons stated, we affirm the trial court's judgment.

Scott E. Stevens
Justice

Date Submitted:     July 7, 2022
Date Decided:       July 8, 2022

---

[11]Because only one predicate finding under Section 161.001(b)(1) is necessary to support a judgment of termination when there is also a finding that termination is in the child's best interest, we need not address Mother's other issues.