**Opinion filed December 31, 2019**



# In The

# Eleventh Court of Appeals

_____

## No. 11-19-00224-CV

_____

## IN THE INTEREST OF K.C. AND K.C., CHILDREN

---

**On Appeal from the 326th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 9002-CX**

---

## M E M O R A N D U M   O P I N I O N

This is an appeal from an order in which the trial court terminated the parental rights of the mother to two of her children: K.C. and K.C.[1]  The mother filed an appeal.  On appeal, she presents two issues in which she challenges the sufficiency of the evidence to support the trial court's findings and complains about certain admonishments that the trial court was required to give her.  We affirm.

---

[1]We note that the children's father was deceased.  We also note that another child, K.C., turned eighteen while the case was pending in the trial court and was not a subject of the trial court's order of termination.

The termination of parental rights must be supported by clear and convincing evidence. TEX. FAM. CODE ANN. § 161.001(b) (West Supp. 2019). To terminate parental rights, it must be shown by clear and convincing evidence that the parent has committed one of the acts listed in Section 161.001(b)(1)(A)–(U) and that termination is in the best interest of the child. *Id.*

In this case, the trial court found that Appellant had committed two of the acts listed in Section 161.001(b)(1)—those found in subsections (D) and (O). Specifically, the trial court found that Appellant had knowingly placed or knowingly allowed the children to remain in conditions or surroundings that endangered the children's physical or emotional well-being and that Appellant had failed to comply with the provisions of a court order that specifically established the actions necessary for her to obtain the return of the children, who had been in the managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the children's removal from Appellant for abuse or neglect. The trial court also found, pursuant to Section 161.001(b)(2), that termination of Appellant's parental rights would be in the best interest of the children.

In her first issue, Appellant argues that the evidence is legally and factually insufficient to support the trial court's finding that termination of her parental rights would be in the best interest of her children. In her second issue, Appellant complains of the trial court's findings under subsections (D) and (O).

To determine if the evidence is legally sufficient in a parental termination case, we review all of the evidence in the light most favorable to the finding and determine whether a rational trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005). To determine if the evidence is factually sufficient, we give due deference to the finding and determine whether, on the entire record, a factfinder could reasonably form a firm belief or

2

conviction about the truth of the allegations against the parent. *In re C.H.*, 89 S.W.3d 17, 25–26 (Tex. 2002).

With respect to the best interest of a child, no unique set of factors need be proved. *In re C.J.O.*, 325 S.W.3d 261, 266 (Tex. App.—Eastland 2010, pet. denied). But courts may use the non-exhaustive *Holley* factors to shape their analysis. *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). These include, but are not limited to, (1) the desires of the child, (2) the emotional and physical needs of the child now and in the future, (3) the emotional and physical danger to the child now and in the future, (4) the parental abilities of the individuals seeking custody, (5) the programs available to assist these individuals to promote the best interest of the child, (6) the plans for the child by these individuals or by the agency seeking custody, (7) the stability of the home or proposed placement, (8) the acts or omissions of the parent that may indicate that the existing parent–child relationship is not a proper one, and (9) any excuse for the acts or omissions of the parent. *Id.* Additionally, evidence that proves one or more statutory grounds for termination may also constitute evidence illustrating that termination is in the child's best interest. *C.J.O.*, 325 S.W.3d at 266.

The record shows that Appellant was incarcerated at the time of removal and that she had left the children in the care of her father. The children were removed from Appellant's father's home because he was using methamphetamine and distributing it from his house. The children were fourteen and twelve years old, respectively, at the time of the final hearing and had been in the managing conservatorship of the Department for seventeen months.

Appellant was released from incarceration approximately eight months after removal. By that time, the trial court had made Appellant's family service plan an order of the trial court. Although the trial court granted an extension of time to permit Appellant to work on the requirements of her family service plan, giving her

3

nine months between her release and the date of the final hearing, Appellant failed to comply with several of the provisions of her plan. In particular, she failed to notify the Department of a change in her address, failed to obtain stable housing, refused to submit to random urinalysis and hair-follicle drug testing, failed to complete counseling, failed to complete inpatient drug treatment, and failed to abstain from the use of methamphetamine. On five separate occasions, Appellant tested positive for methamphetamine on "oral sendoffs" that she submitted to when she arrived for visitation with the children. Appellant admitted at trial that she still struggled with methamphetamine addiction; that she continued to use methamphetamine throughout the time that this case was pending in the trial court; and that, at the time of trial, she was not in a position to take the children. Additionally, not long before the final hearing, Appellant was arrested for engaging in organized criminal activity, hindering apprehension, and providing a false report to a police officer. Appellant testified that these charges were "going to be dropped" and that she had nothing to do with the crime from which those charges stemmed.

The caseworker believed that termination of Appellant's parental rights would be in the children's best interest. The caseworker testified that Appellant and her children had previously been involved with the Department in 2011, 2013, and 2015 and that the children had spent a total of two and one-half years in the care of the Department. When the children were ten and eight years old, respectively, they had spent close to one year in the care of the Department after being removed from Appellant because of domestic violence, sexual abuse, and Appellant's use of methamphetamine. Appellant did not want her parental rights to be terminated, but she agreed that it would be in the children's best interest for them to remain in foster care until after Appellant completed "inpatient rehab."

At the time of the final hearing, the children had been in the same foster-to-adopt home for almost one year. The foster parents provided a safe and stable home

4

for the children. The Department's plan for the children was for them to be adopted by their foster parents. The children were happy, were doing well in school, and were very bonded with their foster parents. The children were also bonded with Appellant and enjoyed their visitation with her. Despite her bond with Appellant, the older child expressed a desire to be adopted by the foster parents; the younger child did not want Appellant's rights to be terminated, but she did not want to live with Appellant. The younger child loved the foster parents and wanted to stay with them. Although the children's guardian ad litem hoped that the children would continue to have a relationship with Appellant, the guardian ad litem recommended that Appellant's parental rights be terminated. The guardian ad litem testified that the older child had remarked that "this is the first stable family that she has known and she knows that she doesn't have to worry about people coming into her room at night to potentially harm her."

To the extent that Appellant challenges the trial court's finding under Section 161.001(b)(1)(D), we must address that challenge. *See In re N.G.*, 577 S.W.3d 230, 234–35 (Tex. 2019) (addressing due process and due course of law with respect to appellate review of grounds (D) and (E) and holding that an appellate court must provide a detailed analysis if affirming the termination on either of these grounds). Under subsection (D), the relevant inquiry is whether the parent knowingly placed or knowingly allowed the child to remain in conditions or surroundings that endangered the physical or emotional well-being of the child. FAM. § 161.001(b)(1)(D). Subsection (D) addresses the child's surroundings and environment. *In re N.R.*, 101 S.W.3d 771, 775–76 (Tex. App.—Texarkana 2003, no pet.). The child's "environment" refers to the suitability of the child's living conditions as well as the conduct of parents or others in the home. *In re S.R.*, 452 S.W.3d 351, 360 (Tex. App.—Houston [14th Dist.] 2014, pet. denied).

Appellant asserts that the evidence is insufficient to support a finding under subsection (D) because she was incarcerated at the time of the most recent removal and the conduct that precipitated that removal did not involve her. We agree that the record does reflect that Appellant was incarcerated at the time of removal and that the children were removed from Appellant's father. We note that the Department did not offer any evidence that Appellant knew that her father used or distributed methamphetamine. However, the record reflects that, prior to her incarceration, Appellant had placed the children in conditions or surroundings that endangered their physical or emotional well-being. As aptly stated by the older child, this is the first home that she has had in which she did not have to "worry about people coming into her room at night to potentially harm her." We hold that the evidence is legally and factually sufficient to uphold the trial court's finding under subsection (D).

We also hold that the evidence is legally and factually sufficient to support the trial court's finding under subsection (O). *See* FAM. § 161.001(b)(1)(O). With respect to this finding, Appellant does not argue that the evidence is insufficient to show that she failed to comply with the provisions of her court-ordered family service plan but, rather, that it was "fundamental error" for the trial court to terminate Appellant's parental rights based upon subsection (O) because Appellant did not sign her family service plan, was incarcerated when it was created, and was not properly admonished by the trial court, *see* FAM. §§ 262.201(m), 263.006 (requiring trial court to inform parents in open court that termination may result if parents are unable or unwilling to provide a safe environment for the child). We note that the appellate record does not support Appellant's assertions that she was not properly admonished. Moreover, the family service plan was made an order of the trial court, and Appellant was granted an extension of time by the trial court so that she could work on her service plan. The record does not support Appellant's claim of "fundamental error." We overrule Appellant's second issue.

6

In her first issue, Appellant challenges the sufficiency of the evidence to support the trial court's finding that termination of Appellant's parental rights was in the best interest of the children. The record reflects that Appellant had a history of methamphetamine abuse while the children were in her care, that Appellant continued to use methamphetamine while this case was pending, that Appellant had at least one criminal conviction that caused her to be incarcerated and unable to care for her children, that Appellant left the children with a family member who not only used methamphetamine but also sold methamphetamine from the home in which the children lived, that Appellant failed to comply with her service plan, and that Appellant admittedly was still unable to care for the children at the time of the final hearing.

The record also reflects that the children had been placed with foster-to-adopt parents in a safe, stable home and that the children were doing well and wanted to stay there. The conservatorship caseworker and the children's guardian ad litem both believed that termination of Appellant's parental rights would be in the children's best interest.

We hold that, based on the evidence presented at trial and the *Holley* factors, the trial court could reasonably have formed a firm belief or conviction that termination of Appellant's parental rights would be in the children's best interest. *See Holley*, 544 S.W.2d at 371–72. Upon considering the record as it relates to the children's desires, the emotional and physical needs of the children now and in the future, the emotional and physical danger to the children now and in the future, the parental abilities of those involved, the plans for the children by the Department, Appellant's use of methamphetamine, Appellant's other criminal activity, and the stability of the children's placement, we hold that the evidence is both legally and factually sufficient to support the finding that termination of Appellant's parental rights is in the best interest of the children. *See id.* Based upon the evidence

7

presented in this case, we defer to the trial court's finding. *See C.H.*, 89 S.W.3d at 27. We cannot hold that the finding as to best interest is not supported by clear and convincing evidence. We overrule Appellant's first issue.

The order of the trial court is affirmed.


JIM R. WRIGHT

SENIOR CHIEF JUSTICE


December 31, 2019

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[2]

Willson, J., not participating.

---

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.