

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-22-00011-CV

IN THE INTEREST OF M.A. AND A.A., CHILDREN

On Appeal from the 76th District Court
Camp County, Texas
Trial Court No. CPS-20-03563

Before Morriss, C.J., Stevens and van Cleef, JJ.

ORDER

On February 1, 2022, the trial court entered an order of termination, terminating the parent-child relationship between M.A. and A.A. and their father pursuant to statutory grounds D, E, and O. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(D), (E), (O).[1] Father's appellate counsel has filed a brief that summarizes the record and reviews the trial court proceedings in detail. After evaluating the record, Father's appointed counsel appears to have concluded that there are no arguable grounds to be advanced on appeal. *See Anders v. California*, 386 U.S. 738, 743–44 (1967); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *see In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (per curiam) (recognizing that *Anders* procedures apply in parental-rights termination cases). Under the requirements of *Anders v. California*, counsel is required to conduct a "conscientious examination" of the record and file "a brief referring to anything in the record that might arguably support the appeal." *Anders*, 386 U.S. at 744.

In his brief, appellate counsel identifies as an area of concern the direct examination and testimony of Krystal Hosmer in which she testified that she had heard the testimony of Dr. Elizabeth Peeler in a prior adversary hearing and agreed with the Department's attorney's summary of the substance of that testimony, all without objection from Father's trial counsel. Appellate counsel also points out that during Hosmer's testimony, the affidavits of Peeler were admitted, again without objection from Father's trial counsel.

Although appellate counsel recognizes that trial counsel's failure to object to Hosmer's testimony and to the admission of Peeler's affidavits may form the basis of a complaint of

---

[1] We refer to the father as "Father" in order to protect the identity of the minor children who are the subject of this appeal. *See* TEX. R. APP. P. 9.8.

ineffective assistance of counsel, he concludes that there was no harm since that testimony only went to statutory grounds D and E but did not impact statutory ground O, so that the termination order could be sustained on statutory ground O alone. *See, e.g.*, *In re N.R.*, 101 S.W.3d 771, 775 (Tex. App.—Texarkana 2003, no pet.). However, appellate counsel's harm analysis failed to consider the due process implications of a termination of parental rights based on statutory grounds D or E. *See In re N.G.*, 577 S.W.3d 230, 237 (Tex. 2019) ("We hold that due process and due course of law requirements mandate that an appellate court detail its analysis for an appeal of termination of parental rights under Section 161.001(b)(1)(D) or (E) of the Family Code."). Due process is implicated because termination of parental rights under these grounds may implicate the parent's parental rights to other children. *Id.* at 234; *see* TEX. FAM. CODE ANN. § 161.001(b)(1)(M) (providing as a ground for termination of parental rights that the parent "had his or her parent-child relationship terminated with respect to another child based on a finding that the parent's conduct was in violation of Paragraph (D) or (E)").

After conducting our own investigation of the record, we have identified several arguable issues that require additional briefing, including (1) whether Father's trial counsel rendered ineffective assistance of counsel by failing to object to Hosmer's testimony and the admission of Peeler's affidavits, and, if so, whether Father was harmed by those omissions; (2) whether factually and legally sufficient evidence supported the termination of Father's parental rights under statutory ground D; and (3) whether factually and legally sufficient evidence supported the termination of Father's parental rights under statutory ground E.

"When we identify issues that counsel on appeal should have addressed but did not, we need not be able to say with certainty that those issues have merit; we need only say that the issues warrant further development by counsel on appeal." *Wilson v. State*, 40 S.W.3d 192, 200 (Tex. App.—Texarkana 2001, order). In such a situation, we "must then guarantee appellant's right to counsel by ensuring that another attorney is appointed to represent appellant on appeal." *Stafford*, 813 S.W.2d at 511 (citing *Anders*, 386 U.S. at 744).

Accordingly, we grant current counsel's motion to withdraw, and we abate this case to the trial court for the appointment of new appellate counsel. The appointment is to be made within five days of the date of this order. A memorialization of the trial court's appointment shall be entered into the record of this case and presented to this Court in the form of a supplemental clerk's record within three days of the date of appointment. Newly appointed appellate counsel is to address the issues presented here, as well as any other issues that warrant further development on appeal.

In addition, we note that the order of termination recites that the final hearing in the case occurred on September 29, 2021, and November 2, 2021. Nevertheless, the record on appeal contains a reporter's record only from November 2, 2021. Therefore, the trial court shall direct the court reporter to prepare and file, within ten days of the date of this order, the transcript of the September 29, 2021, hearing.

The current submission date of July 7, 2022, is hereby withdrawn. Upon receipt of the supplemental clerk's record contemplated by this order, our jurisdiction over this appeal will resume and we will establish a new briefing schedule. We note, however, that because this case

4

involves an appeal from the termination of Father's parental rights, this matter is to be expedited at all levels. Newly appointed counsel should be prepared to pursue the appeal without delay or requests for extensions of time.

IT IS SO ORDERED.

BY THE COURT

DATE:   June 21, 2022